**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **N.Q. and D.Q.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED HEALTHCARE INSURANCE COMPANY,**<br><br>**Defendant.** | **RULING & ORDER**<br><br>**Case No. 2:26-cv-00771**<br><br>**District Court Judge Robert J. Shelby**<br><br>**Magistrate Judge Dustin B. Pead** |

Currently pending before the court is Plaintiffs N.Q and D.Q.'s motion for leave to proceed anonymously.[1] For the reasons stated below, the court rules as follows and grants Plaintiffs' motion.

## BACKGROUND

This case involves Defendant United Healthcare Insurance Company's denial of payment for D.Q.'s medical expenses related to D.Q.'s mental and substance abuse treatment as a minor.[2] Plaintiffs' complaint identifies D.Q.'s diagnoses, which led him to seek treatment at Second Nature outdoor therapeutic program from August 22, 2023 to January 3, 2024.[3] Plaintiffs present evidence from D.Q.'s medical records in support of their appeal, including sensitive and personal

---

[1] ECF No. 2, Plaintiffs' Motion for Leave to Proceed Anonymously.

[2] *See generally* ECF No. 1, Complaint. Defendant United Healthcare Insurance Company fully insured Plaintiffs' Plan, as well as handling the day-to-day administration of the Plan, including making benefit decisions, paying claims, and processing benefit claims and appeals. *Id.* at ¶ 6. The Plan is a welfare benefits plan under 29 U.S.C, § 1001 et. seq., the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* at ¶ 7. Defendant is a fiduciary of the plan as defined by ERISA. *Id.* at ¶ 8.

[3] *Id.* at ¶¶ 28-29.

information about D.Q.'s mental health and substance abuse history.[4] During the time period relevant to the claims at issue in this action, D.Q. was a minor.[5]

## LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."[6] However, with respect to minors, Federal Rule 5.2 provides that minors may be named by initials unless the court orders otherwise.[7] No provision in the federal rules explicitly permits "suits by persons using fictitious names" or "anonymous plaintiffs "[8] and proceeding under pseudonym "is, by all accounts, an unusual procedure."[9]

Nonetheless, courts do recognize "exceptional circumstances" that may warrant "some form of anonymity in judicial proceedings."[10] Exceptional circumstances include circumstances "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[11]

---

[4] *Id.*

[5] *Id.* at ¶ 5.

[6] Fed. R. Civ. P. 10(a) ("the title of the complaint must name all the parties"); *see also* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest").

[7] Fed. R. Civ. P. 5.2(a)(3).

[8] *National Commodity & Barter Association, National Commodity Exchange v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989).

[9] *Doe v. Weber State University,* 2021 U.S. Dist. LEXIS 210538, at *6 (D. Utah Oct. 29, 2021) (citing *Femedeer v. Haun,* 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted)).

[10] *Free Speech Coalition v. Anderson,* 2023 U.S. Dist. LEXIS 111976, at *4 (D. Utah June 27, 2023) (citing *Femedeer,* 227 F.3d at 1246).

[11] *Femedeer,* 227 F.3d at 1246.

In deciding whether to preserve anonymity, the court has broad discretion[12] and must weigh any "exceptional circumstances" against "the public's interest in access to legal proceedings."[13] Lawsuits are generally viewed as open, public events, but the presumption of open courts can yield to anonymity when exceptional circumstances exist.[14] If a court grants permission for a plaintiff to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[15] When no permission is granted to proceed with anonymity, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to" those individuals.[16]

## DISCUSSION

### The Court Grants Plaintiffs' Motion to Proceed Anonymously

The court grants Plaintiffs' motion to proceed anonymously because this case implicates "exceptional circumstances" that the Tenth Circuit and Rule 5.2 recognize as warranting anonymity.

---

[12] *United States Department of Justice v. Utah Department of Corrections,* 2017 U.S. Dist. LEXIS 34882, at *3 (D. Utah March 10, 2007) (unpublished) (citing *Lindsey v. Dayton-Hudson Corp.,* 592 F.2d 1118, 1125 (10th Cir. 1979)); *M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir. 1998) (internal quotation marks omitted) (the court's decision to allow a pseudonym is based on "informed discretion, after taking all relevant factors into consideration").

[13] *Femedeer,* 227 F.3d at 1246.

[14] *Zavaras,* 139 F.3d at 803 (internal quotation omitted); *Weber State University,* at *6 (citing *Gibbs,* 886 F.2d at 1245).

[15] *W.N.J. v. Yocum,* 257 F.3d 1171, 1172 (10th Cir. 2001).

[16] *Id.*

First, many of the medial records and treatment matters at issue in this case refer to D.Q.'s struggles as a minor, before the age of 18.[17] Federal Rule of Civil Procedure 5.2(a)(3) requires litigants to protect the identity of minors by, at a minimum, only using the minor's initials when filing their pleadings. D.Q. was a minor during the treatment at issue in this case and D.Q's status at that time controls the court's analysis, irrespective of D.Q.'s age now.[18] Because D.Q. was a minor, the balance of interest favors protecting D.Q.'s anonymity. N.Q. is D.Q.'s parent/guardian, and is not a minor.[19] Nonetheless, because of the "inseparable relationship" between N.Q. and D.Q., disclosure of N.Q's full name would have the impact of revealing D.Q.'s identity and would violate Rule 5.2 and the established policies preventing disclosure of records relating to minors.[20]

Second, a substantial portion of the record in this ERISA case is comprised of D.Q.'s protected health information and treatment records. Courts routinely allow parties to proceed anonymously in cases involving highly sensitive and personal medical issues such as those

---

[17] ECF No. 1.

[18] *See e.g., Doe v. USD No. 237,* 2017 U.S. Dist. LEXIS 142435, at *31 (D. Kan. 2017) ("[t]he fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis" when considering whether Plaintiffs should be allowed to proceed anonymously); *see also N.E. v. Blue Cross Blue Shield Carolina,* 2023 U.S. Dist. LEXIS 56537, at *49 (D.N.C. 2023) ("although [plaintiff] is no longer a minor, [he] was a minor when the facts underlying this case occurred, which also weighs in favor of protecting his identity and by extension, [his parent's] identity.").

[19] ECF No. 1.

[20] *See e.g., Jamie C. v. Health Care Services Corp.,* 2024 U.S. Dist. LEXIS 129632, at *4 (D. Kan. 2024); *see also S.E.S. v. Galena Unified School District No. 499,* 2018 U.S. Dist. LEXIS 116054, at *4 (D. Kan. 2018) (internal citation omitted) (a minor and "his parents share common privacy interests based on their inseparable relationship to one another . . . [and] [o]rdering disclosure of the parent's identities would place—in effect—personally identifiable and confidential information about the . . . minor in the public record.").

experienced by D.Q.[21] Even absent a discussion of D.Q.'s age, these records are protected from public disclosure by HIPAA.[22] Further, given the protected and highly sensitive medical issues experienced by D.Q. and set forth in the medical records, exceptional circumstances weigh against the disclosure of Plaintiffs' identities.[23]

Finally, Defendant was involved in the denial and processing of the appeals and claims at issue in this case. As alleged, Defendant denied the claims at issue here and refused payment. Thus, the identities of Plaintiffs are likely known to the Defendant. Further, pursuant to local rule DUCivR 10-2, Plaintiffs have filed under seal a Notice of Intention to Proceed Under a Pseudonym—Full Names, which includes the full name of each party seeking protection.[24] As a result, Plaintiffs identities are known to Defendant and the Defendant will not suffer prejudice if Plaintiffs are allowed to proceed anonymously.

## CONCLUSION

[21] *Id.*, at *2 (N.D. Cal. 2018) (permitting plaintiffs to proceed under pseudonyms in an ERISA action challenging the denial of mental health care benefits); *see also Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (granting plaintiff's motion to file pseudonymously, reasoning that public disclosure would deter civil litigants with mental conditions from "ever reaching the courthouse steps [to vindicate their rights] for fear of repercussions that would ensue if their condition was made public").

[22] 42 U.S.C.S. § 1320d.

[23] *See e.g., K.H.B. v. UnitedHealthcare Ins. Co.,* 2018 U.S. Dist. LEXIS 144690, at *2 (N.D. Cal. 2014) (permitting plaintiffs to proceed under pseudonyms in an ERISA action challenging the denial of mental health care benefits).

[24] ECF No. 11, Sealed Document Re: Motion to Proceed by Pseudonym; *see also* DUCIVR 10-2(a) (requiring party seeking to proceed under pseudonym to contemporaneously file, under seal, a Notice of Intention to Proceed Under a Pseudonym—Full Names which includes the full name of each party seeking protection.").

On balance, the public's interest in access to information about the parties in this proceeding is outweighed by the interest in protecting the identity of a minor and medical issues of a highly sensitive and personal nature. Accordingly, the court agrees that Plaintiffs should be permitted to proceed anonymously and Plaintiffs' motion is GRANTED.[25]

A return of service for Defendant has not been filed and the court must assume that Defendant has not received notice of Plaintiffs' motion. Upon answering or otherwise responding to the Complaint, if appropriate, Defendant may request that the court reconsider whether Plaintiff should continue to proceed anonymously.

IT IS SO ORDERED.

DATED this 28th day of August, 2026.

BY THE COURT:

________________________________

Dustin B. Pead
U.S. District Magistrate Judge

---

[25] ECF No. 2, Plaintiffs' Motion to Proceed by Pseudonym.